UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-204** |
| **TERRAN WILLIAMS** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Terran Williams's Motion to Sever (Doc. 1149). Oral Argument was held on January 16, 2025. For the following reason, the Motion is **DENIED**.

### BACKGROUND

Defendant Terran Williams is one of twenty-one defendants charged in this criminal Racketeer Influenced and Corrupt Organizations Act ("RICO") case concerning alleged gang activity by a criminal organization known as the "Byrd gang" in and around New Orleans, Louisiana. The Second Superseding Indictment alleges fifty overt acts in the RICO conspiracy between 2014 and 2020. As of the entry of this Order, all but three of the defendants have pleaded to the charges. Only Defendants Terran Williams, Javonta Doleman, and Tyrone Bovia remain for trial. Each of the remaining Defendants is charged in Counts 1 through 7, which charge crimes relating to the RICO conspiracy, drug

1

trafficking and firearm conspiracies, and murder.[1] In the instant Motion, Defendant Terran Williams moves to sever the trial of the charges against him from the trial of the charges against Doleman and Bovia. The Government opposes.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 14 gives the district court discretion to grant a severance "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant or the government." It is well settled that defendants are not entitled to severance merely because they might have a better chance of acquittal in separate trials."[2] "There is a preference in the federal system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."[3]

## LAW AND ANALYSIS

In his Motion, Defendant Terran Williams asks that his trial be severed from his co-defendants because of either (1) the spillover effect of heroin trafficking evidence in which he is not implicated, or (2) mutually antagonistic defenses as to the crimes of violence alleged. At oral argument, Defendant's counsel admitted that because many of his co-defendants have pleaded guilty since the filing of this Motion, the spillover concerns raised therein are now moot. Accordingly, Defendant contends only that a severance is warranted in light of mutually antagonistic defenses between him and the other remaining Defendants Doleman and Bovia.

---

[1] Bovia alone is charged in Counts 8 and 9.
[2] Zafiro v. United States, 506 U.S. 534, 540 (1993).
[3] *Id.* at 537.

2

Defendant argues that his trial should be severed from his co-defendants facing allegations of crimes of violence because of the risk of antagonistic defenses. A mutually antagonistic defense is found where defenses are "in conflict, such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other."[4] Severance is only warranted if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[5] "To compel severance the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive."[6] Defenses reach a level of antagonism that compels severance "if the jury, in order to believe the core of testimony offered on behalf of that defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant."[7] These irreconcilable arguments are not merely "minor or peripheral matters," but rather, are core to the defendants' defenses.[8]

Defendant's Motion does not identify any mutually antagonistic defense that will be presented by him or the remaining co-defendants. Instead, he references a Motion to Sever filed by Defendant Samuel Morton who has since pleaded guilty.[9] Therein, Morton contended that he feared that Williams would point the finger at him for Overt Act 19—the killing of Kent Franklin. In light of Morton's plea, those issues are now also moot. At oral argument, Defendant's counsel admitted that he cannot argue with specificity how the remaining Defendants' defenses will be mutually antagonistic to his own because he does not know what defenses his co-defendants will present. Without more, this Court cannot determine whether the

---

[4] United States v. Romanello, 726 F.2d 173, 177 (5th Cir. 1984).
[5] *Zafiro*, 506 U.S. at 539.
[6] *Romanello*, 726 F.2d at 177.
[7] United States v. Berkowitz, 662 F.2d 1127, 1134 (5th Cir. 1981).
[8] *See id.*
[9] Doc. 1118.

remaining defendants will have "irreconcilable and mutually exclusive" defenses such that severance is warranted.[10]

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 11th day of February, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[10] *Romanello*, 726 F.2d at 177.