UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-204** |
| **TERRAN WILLIAMS and** <br> **JAVONTA DOLEMAN** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendants' Motion to Exclude the Government's Purported Intrinsic and "Other Act" Evidence (Doc. 1148). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

This matter arises out of alleged gang activity by a criminal organization known as the "Byrd Gang" in and around New Orleans, Louisiana, between January 2014 and August 2021. Twenty-one defendants were initially charged in this matter and only Terran Williams, Javonta Doleman, and Tyrone Bovia remain for trial. Each Defendant is charged in a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy, a drug trafficking conspiracy, and a firearms conspiracy. The RICO charge lists 50 Overt Acts, including instances of drug distribution, firearm possession, arrests, shootings, and

murders. The Government alleges that the Byrd Gang controlled the drug trade in a certain area of the city through various acts of violence.

On October 10, 2023, the Government noticed its intent to introduce evidence of five distinct events against Defendants, arguing that the evidence is intrinsic to the charges, but if not, is admissible as extrinsic evidence of other acts under Federal Rule of Evidence 404(b).[1] Williams and Doleman oppose the introduction of this evidence at trial. This Court will discuss each event in turn.

## LAW AND ANALYSIS

The Government alleges, and this Court agrees, that the events at issue are intrinsic to the crimes charged and therefore admissible without reference to Rule 404(b).[2] "It is well established that where a conspiracy is charged, acts that are not alleged in the indictment may be admissible as part of the Government's proof."[3] The Fifth Circuit has held "that the government is not limited to overt acts pleaded in proving a conspiracy. It may show other acts of the conspirators occurring during the life of the conspiracy."[4] "Acts committed in furtherance of the charged conspiracy are themselves part of the act charged. Thus, evidence of such acts constitutes intrinsic evidence—that is, direct evidence of the charged conspiracy itself."[5] In addition, "[e]vidence is

---

[1] Doc. 954.
[2] Federal Rule of Evidence 404(b) provides that extrinsic "evidence of a crime, wrong, or other act," though not admissible to prove character, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."
[3] United States v. Watkins, 591 F.3d 780, 785 (5th Cir. 2009).
[4] United States v. Quesada, 512 F.2d 1043, 1046 (5th Cir. 1975).
[5] United States v. Mendoza-Alarcon, 140 F. App'x 529, 534 (5th Cir. 2005).

intrinsic to a conspiracy if it is relevant to establish how the conspiracy came about, how it was structured, and how the appellant became a member."[6] "Evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged."[7] With this in mind, the Court considers each event at issue.

### A. Fast Food Robbery

First, the Government noticed its intent to introduce evidence that Defendant Williams allegedly loaned an assault rifle to another individual for the commission of an armed robbery of a fast-food restaurant. The incident occurred in early 2018—during the time period of the conspiracy, which spans 2014 to 2021. The individual to which Williams loaned the weapon was an associate of the Byrd Gang, and he and another co-defendant in this matter carried out the armed robbery. This Court agrees with the Government that this evidence is intrinsic. The event is direct evidence of the RICO conspiracy charge, which specifically alleges that members of the Byrd Gang circulated a collection of firearms amongst the members for use in criminal activity.

### B. Murder Solicitation

Next, the Government noticed its intent to introduce the fact that Williams was solicited by a third-party to murder an associate who had stolen the individual's car in exchange for a few thousand dollars and drugs. Again this Court agrees that this evidence is intrinsic evidence of the RICO

---

[6] *Watkins*, 591 F.3d at 784.
[7] United States v. Freeman, 434 F.3d 369, 374 (5th Cir. 2005).

conspiracy. The evidence directly supports the Second Superseding Indictment's allegation that (1) the Byrd Gang used threats and violence to promote a climate of fear and to advance the enterprise, and (2) Williams served as a gunman for the enterprise. Further, the fact that this incident likely occurred prior to the timeframe of the conspiracy alleged in the Second Superseding Indictment is not dispositive. The Fifth Circuit has held that evidence of prior events may be admissible as intrinsic evidence where, as here, it establishes "how the conspiracy was structured and operated."[8]

### C. Williams's Heroin Conviction

Next, the Government intends to introduce the fact that Williams was arrested on April 11, 2018 with six grams of heroin concealed in his underwear and admitted to police that he was present at the location to make a drug sale. He was convicted of possession with intent to distribute heroin based on this event. This evidence is intrinsic as it occurred during the conspiracy timeframe and is relevant to Count 2, which charges Williams with conspiracy to possess with intent to distribute multiple drugs including heroin. It is also relevant to the RICO conspiracy charge, which alleges that the enterprise was engaged in drug trafficking. Accordingly, Williams's April 11, 2018 arrest is direct evidence of the crimes charged.

### D. Shooting of Williams

The Government noticed its intention to introduce the fact that Williams was shot on July 30, 2020 in a shooting on I-10 Westbound Interstate. The evidence suggests that Williams was involved in a shootout with another

---

[8] *Watkins*, 591 F.3d at 785.

vehicle, and a passenger in the other vehicle was killed. Again, this evidence is intrinsic because the incident occurred during the time period of the conspiracy and is relevant to the crimes charged. The event is direct evidence of the use of violence by the criminal enterprise and Williams's role as a gunman for the enterprise.

### E. Doleman Arrest

Finally, the Government noticed its intent to introduce the fact that when Defendant Doleman was arrested in connection with this case, he was found in possession of a firearm and 1,200 grams of marijuana. Defendant alleges that this fact cannot be intrinsic because it occurred after the conspiracy. The Second Superseding Indictment alleges that the RICO, drug, and firearm conspiracies continued to "on or about the date of the Second Superseding Indictment," August 13, 2021.[9] Doleman was arrested on the Second Superseding Indictment a few weeks later. It is well-settled that "[t]he prosecution, as a consequence of the use of the 'on or about' designation, [i]s not required to prove the exact date; it suffices if a date reasonably near is established."[10] Further, acts that are relevant to prove a conspiracy may be admissible, "even though they might have occurred after the conspiracy ended."[11]

In addition, Doleman points out that the last Overt Act in the Second Superseding Indictment in which he is alleged to have participated occurred in 2017. He therefore argues that his 2021 arrest is far removed from his

---

[9] Doc. 415.
[10] United States v. Grapp, 653 F.2d 189, 195 (5th Cir. 1981)
[11] Lutwak v. United States, 344 U.S. 604, 618, 73 S. Ct. 481, 489, 97 L. Ed. 593 (1953)

participation in the conspiracy and therefore not intrinsic. However, "[i]t is well settled that to make out the crime of conspiracy, once the unlawful agreement is shown, proof of a single overt act in furtherance of that agreement by a single conspirator establishes the guilt of each member of the conspiracy."[12] "A member of a conspiracy remains in the conspiracy unless he can show that at some point he completely withdrew from the conspiracy."[13] The Second Superseding Indictment alleges Overt Acts by co-conspirators through 2020. Doleman has not provided any evidence that he withdrew from the conspiracy at any point prior to his 2021 arrest. Accordingly, his possession of drugs and a firearm in 2021 is relevant to the RICO, drug, and firearm conspiracy charges. This evidence is intrinsic evidence of the crimes charged.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion is **DENIED**, and the Government shall be permitted to offer evidence of the five events identified in its Notice of Intent to Admit Evidence (Doc. 954) as intrinsic to the crimes charged.

New Orleans, Louisiana this 25th day of February, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] United States v. Veltre, 591 F.2d 347, 350 (5th Cir. 1979)
[13] Pattern Crim. Jury Instr. 5th Cir. 2.18 (2024), Pattern Crim. Jury Instr. 5th Cir. 2.18 (2024)